UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02344-SSS-DMK | Date | May 7, 2026 |
|---|---|---|---|
| Title | *Andy Merlin Siregar v. Fereti Semaia et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PETITIONER'S
EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER [DKT. NO. 3]**

Before the Court is Petitioner Andy Merlin Siregar's Ex Parte Application
for a Temporary Restraining Order ("TRO") filed in connection with his Petition
for Writ of Habeas Corpus.  [Dkt. No. 3-1, "Application for TRO" or "TRO App.";
*see also* Dkt. No. 1, "Habeas Petition"].

## I.    BACKGROUND

Petitioner Andy Merlin Siregar is a citizen and national of Indonesia who is
currently detained at Adelanto Detention Facility in Adelanto, California.  [Habeas
Petition at 2–4].  He has been in Respondents' custody since February of 2026.
[*Id.* at 4].

Petitioner entered the United States in 1992 as a non-immigrant visitor.
[Habeas Petition at 2].  In 2007, Petitioner was placed in removal proceedings as a
result of his criminal history.  [*Id.* at 2–3].  Upon being placed in removal
proceedings, Petitioner filed an application for asylum based on his Chinese
ethnicity and Christian faith.  [*Id.* at 3].  Petitioner's religious and ethnic

background subjected him to a pattern of persecution in Indonesia.  [*Id.*].
However, Petitioner's application for asylum was not timely.  [*Id.*].

In light of these circumstances, an Immigration Judge ("IJ") "granted
[Petitioner] withholding of removal," which including a determination that
Petitioner "had established a clear probability of future persecution in Indonesia."
[Habeas Petition at 4].

After receiving withholding of removal in 2008, Petitioner was released into
the community on an Order of Supervision ("OSUP").  [Habeas Petition at 4].
Petitioner alleges that he "attended each of his check-ins" required by his OSUP,
as his Employment Authorization Document ("EAD") was tied to his continued
compliance.  [*Id.*].

After almost 18 years of compliance with his OSUP, Petitioner was detained
at the airport and transferred to Adelanto Detention Facility.  [Habeas Petition at
4].  At the time of his arrest at the airport, "Petitioner was not told why his
supervision was being revoked, nor provided an opportunity to address any
allegations."  [*Id.* at 5].  Respondents then placed Petitioner in immigration
detention, where he remains today.  [*Id.* at 4–6].

The Application for TRO suggests that "[i]f Petitioner was given an
opportunity to contest the revocation of his Order of Supervision, he would have
informed the arresting officer . . . that he was granted withholding of removal and
that he cannot be removed to Indonesia."  [TRO App. at 11].

The merits of whether Petitioner should or should not be removed is not
before this Court.  Rather, the Application for TRO seeks recourse for
Respondents' revocation of Petitioner's OSUP.  In filing this TRO Application,
Petitioner seeks relief in the form of his immediate release on OSUP and an order
enjoining Respondents from re-detaining him without due process.  [*See generally*
TRO App.].

Respondents present no opposition to these factual circumstances nor legal
argument for why Petitioner was detained.  [Dkt. No. 9, "Response"].  Because
Respondents do not oppose the Application and Petitioner's requested relief is
identical to a multitude of other similarly granted requests, the Court **GRANTS** the
TRO Application.  *See e.g.*, *Jose Alfredo Rivas v. Fereti Semaia*, No. 5:26-CV-
01574-SSS-PVC, 2026 WL 966579 (C.D. Cal. Apr. 6, 2026); *Barrera v. Noem*,
No. 5:26-CV-00531-MEMF, 2026 WL 412663 (C.D. Cal. Feb. 13, 2026), *adhered*

*to sub nom. Carlos Danilo Barrera v. Kristi Noem et al.*, No. 5:26-CV-00531-MEMF-SK, 2026 WL 974289 (C.D. Cal. Feb. 26, 2026); *Fariborz Arzani v. Kristi Noem et al.*, No. 5:26-CV-00386-SB-ADS, 2026 WL 297982 (C.D. Cal. Feb. 3, 2026); *Mahalati-Shirazi v. Noem*, No. 5:26-CV-00117-MWC-SSC, 2026 WL 174654 (C.D. Cal. Jan. 18, 2026).

The Court **ORDERS** Respondents to release Petitioner from immigration detention forthwith, and shall not impose any release restrictions on petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing.

Respondents are further **ENJOINED AND RESTRAINED** from again detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent those harms. *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *7 (N.D. Cal. July 24, 2025).

Respondents are **ORDERED** to file a status report certifying compliance with the above order of release within three (3) days from the date of this Order. The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED**.